No. 297

STATE ex VROOMAN v. KAUFFMAN, etc.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7758. Decided Oct. 13, 1926

448. ELECTIONS—Where it is impossible for the clerk of a city council to comply with constitutional and charter provision with respect to mailing copies of a proposed amendment to electors not less than 30 days prior to the election, writ of mandamus will not issue to compel the clerk to substantially comply with the specific provisions of the Constitution in which a specific time is imposed.

First Publication of this Opinion
SULLIVAN, J.
On Aug. 23, 1926, the city council of Lakewood passed an ordinance requiring the board of Deputy State Supervisors and Inspectors of Elections for the county, to place upon the ballot, for adoption or rejection, at a special election to be held Nov. 2, 1926, an amendment to the Charter of the city for the Manager Plan of City Government, under an ordinance duly passed, and the time of the enactment of said ordinance was not less than 60 nor more than 120 days prior to Nov. 2, 1926.

The question raised is whether the plaintiff, under allegations of the amended petition, is entitled to a writ of mandamus to issue against Amos Kauffman, the clerk of the city council, requiring him to mail a copy of the proposed amendment to the charter to each elector whose name appears upon the registration or ballot box of the last municipal or general election. This, it is claimed, is imposed upon the respondent by Art. 18, Sec. 8 of the Charter of the City of Lakewood. A demurrer to the

amended petition was filed by Kauffman. The Court of Appeals held:

1. The constitution and charter provisions specify that copies of the proposed amendments be mailed to the electors not less than 30 days prior to the election.

2. Inasmuch as the petition for mandamus was not filed in this court until Oct. 5, 1926, and the amended petition not until Oct. 7, 1926, a legal status is created that made it impossible for the clerk to have performed his duty under the constitution, even though under an order of court, in form of a peremptory writ of mandamus.

3. It is clear therefore that this court cannot compel the clerk to obey the injunction of the constitution or the charter, because a substantial portion of the 30 days prior to the election has already expired; nevertheless the relator insists that a writ should issue to compel the substantial performance of the duties specifically enjoined upon the clerk under the constitution and charter.

4. A writ of mandamus in a case like the one at bar may not be issued to compel substantial performance of a duty which is not enjoined by the constitution, charter or statutes. There is no duty obligating the respondent to substantially comply with the specific provisions of the constitution. The constitution imposes a specific time which is absolute and unambiguous.

5. To grant a peremptory writ of mandamus for substantial compliance, in the face of the constitutional method, would establish the precedent that hereafter clerks of city councils may regard this specific clause of the constitution as immaterial, and substitute therefor their own discretion, as to notices with respect to electors any time before the day of election.

6. Plaintiff, in absence of clear, convincing and unequivocal grounds, which are essential to the granting of the writ prayed for, is not entitled to such relief. The allegations of the petition do not state a cause of action for the relief prayed for and, therefore, the demurrer is sustained.

Demurrer sustained.
(Levine, PJ., and Vickery, J., concur.)
Attorneys—Davis, Young & Vrooman for plaintiff; William L. David for defendant; all of Cleveland.